IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GRACE STEPHEN | ) | |
| | ) | |
| | ) | CIVIL ACTION FILE NO.:  1:14-cv-734-RLV |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| METROPOLITAN LIFE INSURANCE | ) | |
| COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## ERISA COMPLAINT

COMES NOW, Grace Stephen and files her complaint to recover disability income benefits and shows the court:

## JURISDICTION AND VENUE

1

Defendant Metropolitan Life Insurance Company (hereinafter MetLife) is an insurance company licensed to do business in the State of Georgia. MetLife may be served through its registered agent: C T Corporation System, 1201 Peachtree Street, NE, Atlanta, Fulton County, Ga 30361

2

This Court has jurisdiction of this action pursuant to 29 USCS § 1132(e) (1) which grants exclusive jurisdiction to district courts of the United States.

3

Venue is proper in the Atlanta Division of the United States District Court for the Northern District of Georgia pursuant to 29 U.S.C. § 1132(e)(2) since a substantial part of the events or omissions giving rise to the claim occurred in the Atlanta Division.

## STATEMENT OF MATERIAL FACTS

4

At all times material to this action MetLife provided long term disability benefits to Grace Stephen through a plan or policy issued to Novartis Corporation.

5

On September 12, 2008, Grace Stephen was injured as a result of an automobile collision that occurred while she was employed with Novartis Corporation.

6

As a result of the automobile collision, Grace Stephen was disabled and unable to return to her employment as a pharmaceutical representative for Novartis.

7

As a result of the automobile collision, Grace Stephen suffered injuries to her back which necessitated surgery performed at Emory Hospital.

8

Commencing March 2009, MetLife paid Grace Stephen long term disability (LTD) benefits.

9

MetLife ceased paying benefits March 13, 2011.

10

The physical limitations occasioned by her injuries prohibit Grace Stephen from earning more than 60 percent of her indexed pre-disability earnings from any employer in her local economy at any gainful occupation for which she is reasonably qualified, taking into account her training, education, experience and pre-disability earnings.

11

Ms. Stephen is due disability income benefits from Metropolitan Life commencing March 14, 2011 and continuing.

12

Prior to filing this action, Grace Stephen exhausted all administrative appeals with MetLife.

## COUNT ONE

## RECOVERY OF BENEFITS FROM ERISA PLAN

13

Each and every allegation in paragraphs 1-12 are hereby incorporated by reference into this Count 1.

14

The Metropolitan Life policy was part of an ERISA plan provided to plaintiff Stephen through her employer Novartis.

15

Pursuant to 29 U.S.C. § 1132(a), Plaintiff Stephen brings this action as a participant of an ERISA plan to recover benefits from the Policy.

16

Plaintiff Stephen is entitled to long term disability benefits commencing March 14, 2011 and continuing pursuant to the terms and conditions of the policy.

17

Plaintiff is due interest for all past due amounts.

## COUNT TWO

## ATTORNEY FEES AND COSTS

18

Plaintiff seeks recovery of attorney's fees and cost pursuant to 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff prays that she be awarded all past due and continuing LTD benefits together with accrued interest on past due benefits plus attorney fees and the costs of bringing this action.

Respectfully submitted,

HILLEY & FRIEDER

/s/ Ronald L. Hilley
RONALD L. HILLEY, ESQ.
Ga. State Bar No. 354788

3379 Peachtree Rd. NE
Suite 760
Atlanta, GA 30326
404-233-6200